**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOCERÍA COLOMBIANA, S.A., <br><br>                           Plaintiff, <br><br> v. <br><br> THE ZRIKE COMPANY, INC., <br><br>                           Defendant. | Civ. No. 10-5329(DRD) <br><br> **O P I N I O N** |

*Appearances by:*

GIBBONS P.C.
by:     Robert C. Brady, Esq.
        Jed Goldstein, Esq.
One Gateway Center
Newark, New Jersey 07102

    *Attorneys for Plaintiff*


STRASSER & ASSOCIATES, P.C.
by:     Conrad M. Olear, Esq.
        David E. Mayland, Esq.
7 East Ridgewood Avenue
Paramus, New Jersey 07652

    *Attorneys for Defendant*

**DEBEVOISE, Senior District Judge**

This case arises out of a business dispute between Plaintiff, Locería Colombiana ("Locería"), and Defendant, The Zrike Company ("Zrike"), regarding 14 unpaid invoices. Presently before the court are Plaintiff's Motion to Dismiss Defendant's Counterclaim and Defendant's Motion to Amend its Counterclaim.

For the reasons set forth below, Plaintiff's Motion is GRANTED. Defendant's Motion is DENIED. Defendant's Counterclaim is DISMISSED.

## I.   BACKGROUND

The basic facts of this case are relatively straightforward. Plaintiff Locería is a Colombian company that manufactures dinnerware and flatware. (Complaint ¶¶ 1,5). Zrike is a New Jersey corporation that has purchased items manufactured by Locería over the course of many years. Id. at ¶¶ 2,7. Zrike resells these products to its customers in the United States.

By 2008, the parties had developed a relatively uniform way of entering into transactions. When Zrike wished to purchase products from Locería, it submitted purchase orders to Locería specifying the items that it wished to buy. Id. at ¶ 8. Locería then manufactured and shipped the requested products to Zrike. Id. at ¶ 9. After shipping, Locería invoiced Zrike for the price of the purchases. Id. This relationship operated smoothly until June 2008, when Locería contends that Zrike stopped paying its invoices. Id. at ¶ 11. In support of its allegations, Locería's Complaint attaches fourteen invoices, dated between May 8, 2008 and December 3, 2008, which Locería claims that Zrike has not paid.  (Complaint Ex. B).

After unsuccessful attempts to resolve the dispute (Complaint Ex. C), Plaintiff Locería commenced this action on October 15, 2010, seeking damages under breach of contract, book account, account stated, unjust enrichment and breach of the implied covenant of good faith and

fair dealing causes of action. (Doc. No. 1). On November 30, 2010, Defendant Zrike filed an Answer asserting counterclaims and affirmative defenses. (Doc. No. 7). For its counterclaim, Defendant included no statement of facts, parties, jurisdiction, or venue, and instead pled only the bare elements of claims for violation of the covenant of good faith and fair dealing, negligence, tortious interference, breach of contract, and unjust enrichment. (Doc. No. 7).

Plaintiff asks this Court to dismiss the counterclaims, arguing that "[t]he conclusory and threadbare allegations contained in these causes of action give Locería no indication of the alleged misconduct and are inadequate to substantiate a claim under Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007)." (Pl. Br. 2). In response, Defendant claims that it has set forth "ample facts" in its Answer and has supplemented those facts with a Certification submitted in connection with its opposition papers. (Def. Br. 2). Defendant also requests that it be given leave to amend its counterclaim pursuant to Fed. R. Civ. P. 15(a)(1). Id.

## II.   DISCUSSION

### A.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a pleading for failure to state a claim upon which relief can be granted. When considering a motion under Rule 12(b)(6), the court must accept the factual allegations in the pleading as true and draw all reasonable inferences in favor of the non-moving party. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The court's inquiry "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court recently clarified the standard for a motion to dismiss under Rule 12(b)(6) in two cases: Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The decisions in those cases abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." In contrast, the Court in Twombly held that "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 545. The assertions in the complaint must be enough to "state a claim to relief that is plausible on its face," id. at 570, meaning that the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 129 S. Ct. at 1949; see also, Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) (in order to survive a motion to dismiss, the factual allegations in a complaint must "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation.").

When assessing the sufficiency of a pleading, the court must distinguish factual contentions – which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted – from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. Although for the purposes of a motion to dismiss the court must assume the veracity of the facts asserted in the pleading, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

Evaluating the allegations of the counterclaim in this light, this Court will first examine whether Plaintiff has pled sufficient facts to establish an entitlement to relief and then determine whether Plaintiff will be granted leave to amend or replead counts that have been dismissed.

### A. Good Faith and Fair Dealing

"[E]very contract in New Jersey contains an implied covenant of good faith and fair dealing." Kalogeras v. 239 Broad Ave., L.L.C., 202 N.J. 349, 366 (2010) quoting Sons of Thunder v. Borden, Inc., 148 N.J. 396, 420 (1997). This covenant requires that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Id. see also Palisades Properties, Inc. v. Brunetti, 44 N.J. 117, 130 (1965) (same). A party may recover for violation of the implied covenant even when no express provision of its contract has been breached. Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Center Associates, 182 N.J. 210, 226 (N.J. 2005) ("A defendant may be liable for a breach of the covenant of good faith and fair dealing even if it does not 'violat[e] an express term of a contract….'").

As a general matter, to make out a claim for breach of the covenant of good faith and fair dealing, a party must show that "(1) the defendant act[ed] in bad faith or with a malicious motive, (2) to deny the plaintiff some benefit of the bargain originally intended by the parties…." Yapak, LLC v. Massachusetts Bay Ins. Co., No. 09-3370, 2009 WL 3366464, 2 (D.N.J. Oct. 16, 2009); see also Brunswick, 182 N.J. at 226 ("A plaintiff may be entitled to relief under the covenant if its reasonable expectations are destroyed when a defendant acts with ill motives and without any legitimate purpose."

Defendant's counterclaim[1] categorically fails to allege facts supporting the contention that (1) it entered into a contract with Plaintiff, (2) Plaintiff took actions under the contract in bad faith and with a malicious motive; or (3) it suffered damages as a result. Defendant's counterclaim states only the elements of the offense and makes no pretense of offering the necessary factual detail to "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 129 S. Ct. at 1949. Even on a motion to dismiss, this "formulaic recitation of the elements of a cause of action will not do." Id. quoting Twombly, 550 U.S. at 555. Defendant's good faith and fair dealing count is DISMISSED.

### B. Negligence

"In order to sustain a common law cause of action in negligence, a plaintiff must prove four core elements: '(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" Polzo v. County of Essex, 196 N.J. 569, 584 (N.J. 2008) quoting Weinberg v. Dinger, 106 N.J. 469, 484 (1987). In cases arising out of business transactions, the party must allege an independent duty owed to it that goes beyond the stated obligations of the contract, as "[u]nder New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law." Saltiel v. GSI Consultants, Inc., 170 N.J. 297, 316 (N.J. 2002).

---

[1] In connection with this motion, Defendant attaches an unsworn "Certification" by David Zrike that includes additional factual allegations. Defendant claims that this "supplementary Certification" can save its counterclaim from dismissal. (Pl. Br. 1). However "[t]o decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record. Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); see also In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1424 -1425 (3d Cir. 1997) ("since the district court was ruling on a motion to dismiss, it was not permitted to go beyond the facts alleged in the Complaint and the documents on which the claims made therein were based."). Defendant's attempt to amend its counterclaim by "Certification" is improper and will not be considered.

Here Defendant has alleged no legal duty owed to it by Plaintiff, no conduct that would constitute a breach of that duty, and no damages proximately attributable to Plaintiff's conduct. Defendant's negligence count is DISMISSED.

### C. Tortious Interference

To state a claim for tortious interference, a party must allege that "(1) it had a continuing or prospective economic relationship, or a reasonable expectation of economic advantage; (2) the defendant knew of such relationship or expectancy; (3) the interference and harm inflicted were done intentionally and with malice; (4) if not for the interference, it was reasonably probable that plaintiff would have realized its economic advantage; and (5) the plaintiff was injured as a result of the defendant's conduct." Printing Mart-Morristown v. Sharp Electronics Corp., 116 N.J. 739, 751 (N.J. 1989). Malice here "'is not used in the literal sense requiring ill will toward the plaintiff.' Rather, malice is defined to mean that the harm was inflicted intentionally and without justification or excuse." Id. quoting Restatement (Second) of Torts Chapter 37 at 5 (introductory note) (1979).

A party seeking damages for tortious interference may not merely suggest the possibility of lost business. Rather it "must allege facts that show an existing or prospective economic or contractual relationship" for a "mere allegation of lost business does not suffice." Eli Lilly and Co. v. Roussel Corp., 23 F.Supp.2d 460, 494 (D.N.J. 1998). Nor does the "claimed loss of … unknown customers… standing alone, state a claim for tortious interference with prospective business relations" Id. quoting Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc., 801 F.Supp. 1450, 1459 (E.D. Pa. 1992).

Again, Defendant's claim fails on several levels. First, Defendant has failed to plead any facts elucidating the behavior complained of or demonstrating that such actions were performed

knowingly and with malice. Second, Defendant fails to sufficiently plead that it lost sales or business because of interference from Plaintiff. While some courts have held that a party need not name the specific customers lost due to tortious interference,[2] Defendant's summary pleading fails to even allege facts supporting the possibility that it has customers at all. Defendant's tortious interference count is DISMISSED.

### D. Breach of Contract

To state a claim for breach of contract under New Jersey law, a party must allege facts demonstrating "(1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party performed its own contractual duties." Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 210 F.Supp.2d 552, 561 (D.N.J. 2002); see also National Utility Service, Inc. v. Chesapeake Corp., 45 F.Supp.2d 438, 448 (D.N.J. 1999) (same). In particular, the party must identify the specific portions of the contract that it alleges were breached. Skypala v. Mortgage Electronic Registration Systems, Inc., 655 F.Supp.2d 451, 59 (D.N.J. 2009) (dismissing claim where "the Complaint does not identify the provisions Plaintiff asserts were breached").

Once again, Defendant categorically fails to plead the facts necessary to support its claim. Defendant does not identify the contract allegedly breached, the provision of the contract that were violated, the behavior that violated them, or the damages that it suffered as suffered as a result. Defendant's breach of contract count is DISMISSED.

---

[2] See Teva Pharmaceutical Industries, Ltd. v. Apotex, Inc., No. 07-5514, 2008 WL 3413862, *9 (D.N.J. Aug. 8 2008); Floorgraphics Inc., v. News America Marketing In-Store Services, Inc., No. 04-3500, 2006 WL 2846268, *6 (D.N.J. Sept. 29, 2006); Syncsort Inc. v. Innovative Routines Int'l, Inc., No. 04-3623, 2005 WL 1076043, *12 (D.N.J. May 6, 2005). This Court notes that each of these cases involved allegations with substantially more factual detail than those presented here.

### E. Unjust Enrichment

"To establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554 (N.J. 1994). However unjust enrichment is not appropriate where "an express contract exists concerning the identical subject matter." Suburban Transfer Service, Inc. v. Beech Holdings, Inc., 716 F.2d 220, 226 -227 (3d Cir. 1983). Where a contract exists governing the alleged benefit "[t]he parties are bound by their agreement, and there is no ground for implying a promise as long as [the] valid unrescinded contract governs the rights of the parties." Id. at 227.

Defendant fails to identify any benefit conferred on Plaintiff by Defendant or any reason that the retention that benefit would be unjust. Defendant's unjust enrichment count is DISMISSED.

### F. Amendment/Leave to Replead

While contesting that its counterclaim is defective, Plaintiff also argues that it should have the right to amend its pleadings under Fed. R. Civ. P. 15(a)(1). That rule states that:

> A party may amend its pleading once as a matter of course within:
>
> **(A)** 21 days after serving it, or
>
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Defendant's counterclaim was filed on November 30, 2010 and was electronically served via ECF. (Doc No. 7). Defendant's time to amend under Rule 15(a)(1)(A) thereby expired on December 21, 2010. Plaintiff's Motion to Dismiss was filed on January 3, 2011 and was also served via ECF. (Doc. No. 10). Defendant's time to amend under Rule 15(a)(1)(b) thereby

9

expired on January 24, 2011.[3] As such, amendment under either branch of Rule 15(a)(1) would be improper and any amendments to Defendant's counterclaim must be done pursuant to Fed. R. Civ. P. 15(a)(2). Such amendments require the consent of the Plaintiff or the leave of court.

Where a complaint is vulnerable to Rule 12(b)(6) dismissal "a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). However a court may properly dismiss a complaint with prejudice if it finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment," or "futility of amendment…." Foman v. Davis, 371 U.S. 178, 182 (1962).

Defendant's conduct, in filing a frivolous counterclaim and a frivolous opposition to dismissal of that counterclaim, is clearly improper. The pleading requirements of Twombly and Iqbal are neither onerous nor novel and should cause no surprise to any litigant that files a pleading before this Court. Defendant's reliance on the overruled Conley v. Gibson[4] standard in pleadings and its brief (Def. Br. 3) betrays a profound misunderstanding of basic federal procedure and a troubling lack of consideration for the valuable time of all parties to this case.

In spite of this, there is no evidence in the record that Defendant's failings were attributable to "bad faith" or "dilatory motive" rather than an innocent—if serious—error. Defendant will be permitted to attempt to correct the failings in its counterclaim. However,

---

[3] While Defendant filed a notice of adjournment of the return date for Plaintiff's Motion to Dismiss on January 24, 2011 (Doc. No. 11), Defendant did not request and was not granted, an extension of time to amend its counterclaim under Rule 15(a)(1).

[4] It is unlikely that Defendant's counterclaim would be viable even under the law of Conley v. Gibson, which still required that a party "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." 355 U.S. 41, 47 (1957).

Defendant's current Motion to Amend is inadequate in that it does not attach a proposed amended counterclaim. Without examining the proposed amendments, this Court cannot determine whether such amendments would be "futile." As such, Defendant's Motion is DENIED. Defendant will be given leave to file a new motion to amend within thirty days, provided that it attaches a proposed counterclaim to that filing.

### III.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion is GRANTED. Defendant's Motion is DENIED. Defendant's counterclaim is DISMISSED. Defendant may file a motion to file an amended counterclaim within thirty days, provided that it attaches a copy of the proposed amended counterclaim to the motion.

s/ Dickinson R. Debevoise<br>
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: February 22, 2011